ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 1 0 2026

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KWAMAINE JERELL FORD | Criminal Indictment<br><br>No.  **1:26CR-112**<br><br>**UNDER SEAL** |

The Grand Jury charges that:

## Counts One through Nine
### (Wire Fraud)

1. Beginning no later than in or about November 2020 and continuing through at least in or about September 2024, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, knowingly devised and intended to devise a scheme and artifice to defraud professional athletes and C.S., and to obtain money and property from professional athletes and C.S., by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme and artifice to defraud, with the intent to defraud, caused to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, pictures, and sounds.

### Background

2. At all times relevant to this Indictment:

   a. FORD was a resident of Buford, Georgia.

b. Apple Inc. ("Apple") was a technology company based in Cupertino, California. Apple offered customers a cloud storage service called "iCloud." The iCloud service stores messages, photos, files, notes, passwords, and other data in the cloud. The iCloud service also allows users to share photos, files, notes, and other information with others. The iCloud service can also be used to back up Apple devices, like iPhones and iPads. The information stored on the iCloud service is stored on Apple servers which are located in multiple states outside of the state of Georgia.

c. OnlyFans ("OnlyFans") was a technology company based in London, England. OnlyFans was a subscription based social media platform where creators post exclusive content, such as photos, videos, and live streams. OnlyFans enabled users to publish adult video content through their website and to share that content with paying customers.

d. "Multifactor Authentication" or "MFA" was a layered approach to secure online accounts that requires a user to provide two or more authenticators to verify the user's identity before the user receives account access.

e. "Phishing" was a technique used to trick people into sharing personal information—such as account numbers, Social Security numbers, login IDs, and passwords—through fraudulent emails, phone calls, or text messages that mimic legitimate communications sent by real businesses.

f. "Smishing" was a type of phishing that uses fraudulent text messages to trick people into sharing personal information. The term smishing is a combination of SMS (short message service) and phishing.

### Scheme to Defraud

3. FORD impersonated a well-known adult film model, T.T., and, in doing so, tricked professional athletes into providing their iCloud login credentials and multifactor authentication codes, logged into those iCloud accounts without authorization, stole personally identifiable information and financial information from the compromised iCloud accounts, used credit card information belonging to the victims stolen from the compromised iCloud accounts to pay for personal expenses, and defrauded and used C.S. to engage in commercial sex acts with professional athletes to further FORD's scheme, obtain videos of sex acts, and obtain money from C.S.

4. FORD obtained unauthorized access to professional athletes' iCloud accounts through social engineering, including smishing. FORD, as part of his social engineering, impersonated T.T., and used her identity to communicate on social media with professional athletes.

5. FORD, using T.T.'s identity, enticed professional athletes to communicate with him by falsely claiming that he would send adult film content through iCloud's sharing capabilities.

6. When a professional athlete responded, FORD sent smishing messages to the professional athlete that were designed to appear to be legitimate Apple customer service text messages. In the smishing messages, FORD falsely

3

represented to the professional athlete that he was receiving a video file shared through an iCloud link that required him to reply with a MFA code provided by Apple. At the same time, FORD attempted to access the professional athlete's iCloud account, thereby causing a MFA code to be sent to the professional athlete's own device. Through these falsehoods, the professional athlete would be tricked into providing the MFA code to FORD. After FORD tricked the professional athlete into providing the MFA code, FORD used it to gain unauthorized access to the professional athlete's iCloud account.

7. FORD obtained and used personally identifying information, including driver's licenses and credit card information, from the iCloud accounts he accessed without authorization for his personal gain, including using credit card information to purchase goods and services. In total, FORD executed more than 2,000 unauthorized transactions on professional athletes' credit cards.

8. FORD, impersonating T.T., communicated with, C.S., a woman who was a new "OnlyFans" model. FORD tricked C.S. into believing she was communicating with the real T.T., and fraudulently represented that he would be able to advance C.S.'s career.

9. FORD, impersonating T.T., recruited C.S. to engage in commercial sex acts with professional athletes. FORD, impersonating T.T., pressured C.S. into filming the sex acts without the athletes' consent. FORD, impersonating T.T., obtained these videos from C.S. and used them to engage with additional athletes under false pretenses.

10. When C.S. began to resist filming sex acts, FORD, impersonating T.T., demanded money in place of the videos and directed C.S. to pay an individual

who was supposedly T.T.'s relative. In reality, the supposed relative of T.T. was actually FORD.

## Execution of the Scheme to Defraud

11. On or about the dates listed in the table below, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, did, with the intent to defraud, for the purpose of executing the above-described scheme, cause to be transmitted by means of wire, radio, television communications in interstate commerce the writings, signs, signals, pictures, and sounds described below:

| Count | Date | Wire Communication |
|---|---|---|
| 1 | 3/11/2021 | $78.74 purchase via DoorDash using a credit card in the name of A.B. ending in 9085 for delivery to FORD's address. |
| 2 | 3/13/2021 | $37.24 purchase via DoorDash using a credit card in the name of A.B. ending in 9085 for delivery to FORD's address. |
| 3 | 4/10/2021 | $13.49 purchase of Orange Media service using a credit card in the name of T.S. ending in 4898 from the Apple app store through the iCloud account belonging to T.S. using IP address 99.64.82.254. |
| 4 | 6/2/2021 | $64.94 purchase of NordVPN service using a credit card in the name of C.L. ending in 3390 from the Apple app store through the iCloud account belonging to C.L. using IP address 99.64.82.254. |

| Count | Date | Wire Communication |
|---|---|---|
| 5 | 9/21/2021 | $5.40 purchase of Mega service using a credit card in the name of C.L. ending in 9952 from the Apple app store through the iCloud account belonging to C.L. using IP address 99.64.82.254. |
| 6 | 7/4/2022 | $4.00 OnlyFans purchase using a credit card in the name of C.J. ending in 9998 using the IP address 99.64.82.254. |
| 7 | 6/7/2024 | $400.00 payment via Zelle from C.S., using a Chase Bank account, to FORD, using a Discover Bank account. |
| 8 | 7/19/2024 | $700.00 payment via Zelle from C.S., using a Chase Bank account, to FORD, using a Discover Bank account. |
| 9 | 9/23/2024 | $700.00 payment via Zelle from C.S., using a Chase Bank account, to FORD, using a Discover Bank account. |

All in violation of Title 18, United States Code, Section 1343.

**Counts Ten through Fifteen**
**(Obtaining Information by Computer from Protected Computer)**

12. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

13. On or about the dates listed in the table below, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, intentionally accessed a computer, that is, computer servers of Apple hosting the iCloud accounts belonging to the victims identified below, without authorization and exceeding authorization, and thereby obtained information and attempted to obtain information identified below from a protected computer, that is, computer servers of Apple hosting the iCloud account belonging to the victim identified below:

| Count | Date | Victim | Information |
|---|---|---|---|
| 10 | 9/9/2021 | C.L. | C.L. debit cards ending in 3390 and 9952. |
| 11 | 6/23/2021 | A.B. | A.B. credit and debit card ending in 4788 and 2550, respectively. |
| 12 | 11/13/2021 | T.R. | T.R. debit card ending in 4186. |
| 13 | 7/18/2022 | C.J. | C.J.'s driver's license and debit card ending in 6431. |
| 14 | 7/19/2022 | T.R. | T.R. credit card ending in 0110. |
| 15 | 10/28/2022 | A.B. | A.B. credit cards ending in 9407 and 4540. |

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (b).

### Count Sixteen
### (Obtaining Information by Computer from Protected Computer)

14. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

15. On or about November 1, 2021, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, intentionally accessed a

computer, that is, computer servers of Vivint hosting the security camera account belonging to J.J., without authorization and exceeding authorization, and thereby obtained information and attempted to obtain information—namely, security camera footage—from a protected computer, that is, computer servers of Vivint hosting the security camera account belonging to J.J., in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (b).

## Count Seventeen
### (Access Device Fraud)

16. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

17. From on or about June 29, 2022, until on or about February 18, 2023, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, did knowingly and with intent to defraud use at least one unauthorized access device, namely stolen debit/credit cards issued in the name of C.J., ending in 6431, 8106, and 9998, and by such conduct, from on or about June 29, 2022, and ending on or about February 18, 2023, obtained a thing of value, namely, OnlyFans services, in the aggregate value of $1,000 or more, said use affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## Counts Eighteen through Twenty-One
### (Aggravated Identity Theft)

18. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

19. On or about the dates set forth in the table below, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name and credit card numbers of the victim whose initials are specified in the chart below, during and in relation to the specified predicate felony:

| Count | Date | Victim | Predicate Felony |
|---|---|---|---|
| 18 | 3/11/2021 | A.B. | Wire fraud alleged in Count 1. |
| 19 | 4/10/2021 | T.S. | Wire fraud alleged in Count 3. |
| 20 | 6/2/2021 | C.L. | Wire fraud alleged in Count 4. |
| 21 | 7/4/2022 | C.J. | Wire fraud alleged in Count 6. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## Counts Twenty-Two
### (Sex Trafficking)

20. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 2 through 10 of this Indictment as if fully set forth herein.

21. Beginning no later than in or about May 2021, and continuing through at least in or about September 2024, in the Northern District of Georgia and elsewhere, the defendant, KWAMAINE JERELL FORD, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide,

obtain, advertise, maintain, patronize, and solicit, by any means, victim C.S., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause C.S. to engage in a commercial sex act, all in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1).

## Forfeiture

22. Upon conviction of one or more of the offenses alleged in Counts One through Nine of this Indictment, the defendant, KWAMAINE JERELL FORD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Nine of this Indictment.

23. Upon conviction of one or more offenses alleged in Counts Ten through Sixteen of this Indictment, the defendant, KWAMAINE JERELL FORD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, and pursuant to Title 18, United States Code, Section 1030(i), any personal property used or intended to be used to commit or facilitate the commission of such violations, and any property, real or personal, constituting or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including, but not limited to,

a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Ten through Sixteen of this Indictment.

24. Upon conviction of the offense alleged in Count Seventeen of this Indictment, the defendant, KWAMAINE JERELL FORD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses, including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Count Seventeen of this Indictment.

25. Upon conviction of the offense alleged in Count Twenty-Two of this Indictment, the defendant, KWAMAINE JERELL FORD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, involved in, used, or intended to be used to commit, or to facilitate the commission of, such violations, and any property traceable to such property, and any property, real or personal, constituting or derived from, proceeds obtained, directly or indirectly, as a result of such violations, or any property traceable to such property, including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Twenty-Two of this Indictment.

11

26. If, any property subject to forfeiture, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(b)(1), Title 18, United States Code, Section

1030(i), Title 18, United States Code, Section 1029(c)(2), and Title 18, United States Code, Section 1594(e)(2), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A ___True___ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
 United States Attorney

/s/ Bernita Malloy
BERNITA MALLOY
 Assistant United States Attorney
Georgia Bar No. 718905

/s/ Phyllis Clerk
PHYLLIS CLERK
 Assistant United States Attorney
Georgia Bar No. 095325


600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181